```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
J.L. TURNER LEGAL ASSOCIATION et al.,                                  :
                                                                       :
                        Plaintiffs,                                    :
                                                                       :
              -v-                                                      :   25 Civ. 8495 (JPC)
                                                                       :
NATIONAL BAR ASSOCIATION, INC.,                                        :          ORDER
                                                                       :
                        Defendant.                                     :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On October 14, 2025, Plaintiffs initiated this action by filing a Complaint alleging that at the National Bar Association's ("NBA") Annual Meeting, which was held two-and-one-half months ago on July 29, 2025, "there was a disregard for provisions of the documents intended to govern the voting for Board officers." Dkt. 3 ("Complaint") ¶ 1.[1]  Also on October 14, 2025, Plaintiffs filed a motion for a temporary restraining order, seeking emergency relief in light of an upcoming NBA "Board Meeting on October 16-18, 2025, in New York City, with officers whose election was tainted by procedural violations and who were not lawfully elected under the Association's governing documents, Constitution, and Bylaws." Dkt 2-1 ("Motion") at 1.

As relevant here, 28 U.S.C. § 1391(b) provides that "[a] civil action may be brought" in "a judicial district in which any defendant resides" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b).  Plaintiffs' Complaint states that the NBA is incorporated under Iowa law and has its principal place of business in Washington, D.C.  Complaint ¶ 14.  Plaintiffs' Complaint also states that the NBA Annual

---

[1] Plaintiff's Complaint was deficiently filed on October 14, 2025, but Plaintiffs corrected that deficiency by re-filing the same Complaint on October 15, 2025.  *See* Dkts. 1, 3.  For convenience, the Court cites to Plaintiffs' updated filing.

Meeting where Plaintiffs' cause of action arose occurred in Chicago, Illinois. *Id.* ¶ 22. Venue is thus improper in this District, which is neither a District in which a defendant resides nor a District in which events giving rise to the claim occurred.

Plaintiffs allege that venue is proper "because Defendant conducts substantial operations and governance activities in this District." *Id.* ¶ 9. But the fact that the NBA conducts business in New York does not make the NBA a "resident" of this State. *See Koons v. Kaiser*, 91 F. Supp. 511, 517 (S.D.N.Y. 1950) ("For venue purposes a person is a resident only where he is a citizen and domiciled."). Plaintiffs' Complaint also makes the conclusory assertion that "a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this County," Complaint ¶ 11, but the Complaint offers no allegations in support of that conclusion. It is also not relevant that the NBA "is conducting a Board meeting in this District," Motion at 3, because Plaintiffs' alleged injury arises from the voting procedures used at the NBA Annual Meeting in Chicago, not the upcoming Board meeting in New York City.

The Court concludes that Plaintiffs have failed to show that there is venue in this District. Absent a showing of venue, Plaintiffs have not shown a likelihood of success on the merits necessary to award a temporary restraining order. *See Vazquez v. City of New York*, No. 21 Civ. 01573 (PAE), 2021 WL 3417486, at *1 (S.D.N.Y. July 30, 2021) (denying motion for a temporary restraining order when the plaintiff had not shown venue was proper). Plaintiffs' motion for a temporary restraining order is therefore denied without prejudice. Plaintiffs must file a letter by October 31, 2025, setting forth why venue for this case is proper in this District, and if not, whether the case should be transferred to another district pursuant to 28 U.S.C. § 1406(a).

SO ORDERED.

Dated: October 15, 2025
New York, New York

JOHN P. CRONAN
United States District Judge