WILMERHALE

February 25, 2026

**Ronald C. Machen**

+1 202 663 6881 (t)
+1 202 663 6363 (f)
ronald.machen@wilmerhale.com

**VIA ELECTRONIC FILING AND E-MAIL**

Hon. John P. Cronan
U.S. District Judge, Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:  *J.L. Turner Legal Ass'n, et al. v. National Bar Ass'n, Inc.*, Civ. A. No. 25-cv-08495-JPC

Dear Judge Cronan:

I represent the National Bar Association, Inc. (the "NBA") and am writing in response to Plaintiffs' Letter-Motion of earlier today, which requests that the Court adjourn the hearing presently scheduled for March 2, 2026 on the NBA's motion to dismiss and Plaintiffs' motion for a preliminary injunction until March 10, 2026.  (ECF No. 45.)  Since the parties conferred on Plaintiffs' scheduling request, the NBA has learned very concerning information that it believes should be addressed before the Court schedules argument on the pending motions.  Specifically, the NBA has been informed that one of the two plaintiffs, J.L. Turner Legal Association, did not authorize this action to be filed and has directed counsel to dismiss it from the case.  The NBA has also heard that there are significant questions about whether the other plaintiff, the Houston Lawyers' Association, properly authorized the matter.  Consequently, although the NBA agrees that the hearing should not be held on March 2, it requests that the Court address these foundational issues before rescheduling the hearing.

The NBA was recently provided with a resolution of the Board of Directors of the Plaintiff J.L. Turner Legal Association dated February 18, 2026, which is attached as Exhibit A.  In that formal resolution, the J.L. Turner Board states it did not authorize the filing of this action and that anyone who may have authorized counsel to do so acted ultra vires.  Consequently, "the Board expressly disavow[ed] its designation as a plaintiff in this litigation and direct[ed] counsel to take all necessary steps to remove [J.L. Turner] as a named party and to notify the Court accordingly."  The NBA is surprised that plaintiffs' counsel has not followed this direction in the week since the resolution passed.  It is also surprised that Plaintiffs' Letter-Motion did not disclose any of these events.

This is a gating issue that should be addressed expeditiously and before any further action in the litigation.  Putting aside the lack of jurisdiction and merit to Plaintiffs' claims, this matter has caused the NBA great harm, including harming its reputation as a professional organization committed to the public good, distracting the time and attention of its volunteer officers and directors, and forcing a non-profit organization to incur needless expense.

WILMERHALE

Hon. John P. Cronan
February 25, 2026
Page 2

The NBA therefore respectfully requests that the Court either dismiss J.L. Turner's claims or order plaintiffs' counsel to show cause why J.L. Turner's claims should not be dismissed.  In addition, the NBA received information indicating that Plaintiff Houston Lawyers' Association also may not have appropriately authorize this action, which raised questions about whether this case can proceed at all.  Under the circumstances, the NBA also requests that the Court order Houston Lawyers' Association to submit a declaration from a duly authorized member of its Board of Directors stating whether it has authorized this action.

In the meantime, the NBA should not be subjected to further burden and expense.  Accordingly, the NBA requests that the Court adjourn the upcoming hearing and defer rescheduling until these issues have been satisfactorily addressed.

Sincerely,

*/s/ Ronald C. Machen*

Ronald C. Machen

The hearing scheduled for March 3, 2026, is adjourned until March 10, 2026 at 10:00 a.m.  No later than March 2, 2026, Plaintiffs' counsel must file a letter explaining whether Plaintiffs consented to the filing, and continue to consent to the continuation, of this action.  The Clerk of Court is respectfully directed to close Dkt. 45.

SO ORDERED
February 26, 2026

JOHN P. CRONAN
United States District Judge