

1120 Avenue of the Americas, 4th Floor
New York, NY 10036
P I 347.745.0375
E I reggie@rlawpartners.com

** Reginald J. Richter, Esq.                                    --Members of the N.Y., MD and DC Bars--
** Juan C. Restrepo, Esq.

March 2, 2026

**VIA ECF**

The Honorable John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   J.L. Turner Legal Association, et al. v. National Bar Association, Inc.,
      Civil Action No. 1:25-cv-08495-JPC – Response to Court's Order of February 26, 2026

Dear Judge Cronan:

Pursuant to the Court's Order dated February 26, 2026 (Dkt. 47), Plaintiffs' counsel respectfully submits this letter to address whether Plaintiffs consented to the filing of this action and continue to consent to its continuation. In responding to the Court's Order, counsel is mindful of its continuing obligations under Rule 1.6 of the New York Rules of Professional Conduct and therefore limits this submission to information necessary to comply with the Court's directive and to matters already reflected in the record. As set forth below, each of the two organizational plaintiffs originally named in the Complaint have each, under circumstances detailed herein, communicated a change in its consent posture. The Houston Lawyers' Association ("HLA") has informed counsel that it does not wish to continue as a plaintiff in this action, and counsel will take the appropriate steps to seek leave to withdraw. J.L. Turner Legal Association ("JLTLA") has likewise directed the termination of Richter Restrepo PLLC's (the "Firm') representation and advised that it will be proceeding with substitute counsel; a motion addressing substitution and withdrawal will be filed accordingly. Kandace Walter, the former President of JLTLA, has agreed to join this action as a plaintiff in her individual capacity and as a representative of the affected membership. Accordingly, Plaintiffs' counsel respectfully requests that the hearing scheduled for March 10, 2026 proceed as scheduled.

## I.   Background and Context

This action arises from the National Bar Association's ("NBA") contested 2025 Officer and Member-at-Large elections, in which alleged voting irregularities, including the improper disenfranchisement of dues-paying affiliate organizations, directly affected the outcome of elections decided by fifty or fewer votes. The merits of these claims have not been addressed on the substance, and the underlying election integrity issues remain unresolved.

## II.   Termination of Representation by the Organizational Plaintiffs

JLTLA advised counsel that it no longer wishes Richter Restrepo PLLC to continue representing it in this matter. JLTLA's new president, by correspondence dated February 17, 2026, demanded an

immediate cessation of all activity and notified the Firm that its representation was unauthorized. HLA, while taking a less aggressive posture, has informed counsel it does not wish to continue as a plaintiff in this action at this time.

The Firm responded promptly in writing on February 24 and February 27, 2026, preserving all rights and detailing how the firm was engaged as counsel to JLTLA. In its response, the Firm provided JLTLA with a copy of the written engagement agreement the Firm had previously delivered to JLTLA's prior president, Kandace Walter, shortly after commencement of the litigation. The Firm respects each organization's ultimate right to determine whether to continue as a named plaintiff. Appropriate motions addressing substitution as to JLTLA and withdrawal as to HLA will be filed in accordance with the Local Rules.

### III.  Kandace Walter Joins as Plaintiff; the Case Will Proceed

Kandace Walter served as the 2025 President of JLTLA prior to the recent change in the organization's leadership. During her tenure, Ms. Walter was the original authorized representative who sanctioned and participated in the decision to bring this action. She did so because she, and the membership she represented, genuinely believe that the NBA's 2025 election was tainted by the improper exclusion of affiliate votes and that the current leadership of the NBA—the direct beneficiaries of those tainted results—should not be permitted to entrench themselves while the membership's rights go unvindicated. These allegations are set forth in the Complaint and remain unadjudicated.

Ms. Walter has engaged the firm to represent her in this action as a plaintiff in her individual capacity. Her addition as a plaintiff will ensure that the substantial interests at stake—the voting rights and associational rights of NBA affiliate members—will remain before this Court and that the NBA's pressure campaign will not succeed in extinguishing those rights by proxy. Accordingly, a formal motion for leave to amend the complaint will be filed with this Court to add Ms. Walter as a plaintiff, and the Firm is prepared to provide the Court with a declaration from Ms. Walter in advance of the March 10 hearing.

### IV.  Conclusion

The circumstances giving rise to the present consent issues arose after the initiation of this action and before the Court had an opportunity to address the merits of the parties' respective positions. Defendant has urged the Court to treat the resulting changes in the organizational plaintiffs' posture as dispositive of the case. I respectfully submit that those developments should be addressed through the orderly procedures provided by the Federal Rules, rather than as a basis to foreclose judicial consideration of the claims at issue. Based upon the foregoing, this Court should keep the current March 10 hearing date so that this matter may proceed without further delay.

As explained above, changes in representation and consent are being addressed through appropriate motions concerning withdrawal and substitution of counsel. Plaintiffs' counsel remains available at the Court's convenience to address any questions or to appear for a conference should the Court determine that one would be helpful prior to the scheduled hearing.

To allow substitute counsel for J.L. Turner Legal Association time to prepare, and to give time for the filing of any Amended Complaint, the hearing scheduled for March 10, 2026, is adjourned until April 15, 2026, at 2:00 p.m. By March 17, 2026, the parties should file a joint letter on the status of this case. The Clerk of Court is respectfully directed to close Dkt. 49.

Respectfully submitted,
s/ Reginald J. Richter
**Reginald J. Richter, Esq.**
Richter Restrepo PLLC
1120 Avenue of the Americas, 4th Floor
New York, NY 10036
Counsel for Plaintiffs

SO ORDERED
March 3, 2026



JOHN P. CRONAN
United States District Judge