UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                              :
HOUSTON LAWYERS ASSOCIATION,                                  :
                                                              :
                              Plaintiff,                      :
                                                              :
              -v-                                             :         25 Civ. 8495 (JPC)
                                                              :
NATIONAL BAR ASSOCIATION, INC.,                               :         ORDER
                                                              :
                              Defendant.                      :
                                                              :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

The Court is in receipt of the parties' joint status update.  *See* Dkt. 54.  On April 15, 2026,

at 2:00 p.m., the Court will hold a status conference *in lieu of* the scheduled hearing.  The status

conference will occur over Webex.  At the scheduled time, counsel for both parties should call (855)

244-8681, access code 2302 755 2307.

By April 1, 2026, Plaintiff should file a letter, not to exceed five pages, addressing:

(1)     Whether Federal Rules of Civil Procedure 15 or 21 permit the sole plaintiff in a case
        to file an Amended Complaint substituting itself in favor a party who was not
        previously a named plaintiff or class member.  Plaintiff must address the discussion
        of this issue in *Fox v. Bd. of Trs. of State Univ. of N.Y.*, 148 F.R.D. 474 (N.D.N.Y.
        1993), and the cases cited therein.

(2)     Why any injury suffered by Kandace Walters "arise[s] out of or relate[s] to the
        defendant's contacts with [the Southern District of New York]." *Ford Motor Co. v.
        Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (citation modified).
        Plaintiff must explain why this case is distinguishable from *Bristol-Myers Squibb
        Co. v. Superior Ct. of California*, 582 U.S. 255, 265 (2017), where the Supreme
        Court held there was no specific jurisdiction in California because the "plaintiffs
        [were] not California residents[,] [did] not claim to have suffered harm in that
        State[,] . . . [and] all the conduct giving rise to the nonresidents' claims occurred
        elsewhere."

(3)     Why, in light of the unique circumstances of this case, the Court should grant leave
        to file an Amended Complaint. *See Middle Atl. Utilities Co. v. S. M. W. Dev. Corp.*,
        392 F.2d 380, 384 (2d Cir. 1968) ("It is within the trial judge's discretion to grant
        leave to amend a complaint."); *Caddy-Imler Creations, Inc. v. Caddy*, 299 F.2d 79,
        84 (9th Cir. 1962) ("A motion for leave to amend . . . must be decided upon the facts

and circumstances of each particular case."); *Reubens v. N.Y.C. Dep't of Juv. Just.*, 930 F. Supp. 887, 888 (S.D.N.Y. 1996) ("Undue delay, undue prejudice to the opposing party, and futility of the amendment are among the reasons to deny leave.").

Defendant may file a letter response, not to exceed three pages, by April 8, 2026.

    SO ORDERED.

Dated: March 19, 2026
      New York, New York

                      JOHN P. CRONAN
               United States District Judge