WILMERHALE

**Ronald C. Machen**

+1 202 663 6881 (t)
+1 202 663 6363 (f)
ronald.machen@wilmerhale.com

April 8, 2026

Hon. John P. Cronan
United States District Judge, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Houston Lawyers' Ass'n v. National Bar Ass'n, Inc.*, Civ. A. No. 1:25-cv-08495-JPC

Dear Judge Cronan:

I write on behalf of the National Bar Association, Inc. ("NBA") in response to the letter submitted by Richter Restrepo LLP ("Richter") on April 1, 2026 (ECF No. 59). The NBA addresses the Court's questions below but first addresses some important context that the NBA believes should go into the Court's consideration of those questions.

*First*, the Richter letter confirms that this is a lawyer-driven litigation by openly acknowledging that it is filed "on behalf of the parties to the proposed amendment," which is only Kandace Walter. As Plaintiff's counsel concedes, the only current "plaintiff" is the Houston Lawyers' Association ("HLA"), as HLA "has determined to discontinue its participation in this litigation." ECF No. 59 at 2. Though HLA can do so as of right under FRCP 41(a)(1)(A), the Richter firm has delayed dismissal to keep this case alive long enough to add Ms. Walter as a new plaintiff. Those actions are not unlike what happened with the J.L. Turner Legal Association ("JLTLA"), which never authorized a suit and had to send the Richter firm a cease-and-desist letter demanding that it stop pursuing claims in JLTLA's name and then retaining another firm to dismiss it from the case when the Richter firm would not do so. ECF No. 55.

*Second*, the Richter letter reflects a willful disregard of the Court's order limiting the letter to five pages. In footnote one, the firm states that it did so because it did not think five pages was enough. Rather than moving for additional pages, it filed an overlength letter and asking "the Court's forbearance." That decision to beg for forgiveness rather than seek permission is both alarming and, unfortunately, not surprising given counsel's approach to this litigation to date.

## I.  Ms. Walter Has No Right to Amend or be Added as a Party

Ms. Walter is not a party to this action and has no right to amend the Complaint. FRCP 15 governs amendments and is expressly limited to amendments by "a party." *Fox v. Bd. of Trs. of the State Univ. of N.Y.*, 148 F.R.D. 474, 487-88 (N.D.N.Y. 1993). Although some courts have allowed FRCP 21, which governs joinder and misjoinder, to be used to substitute plaintiffs (others have held that it may not be so used), those courts have only done so in the narrowest of circumstances that are not present here. *Id.* at 486-87.

The Richter firm misses the point of that case when it addresses *Fox* in the context of whether the claims in the initial complaint are moot. The import of *Fox* to this request is what it says about substitution, not mootness. In that case, counsel sought to replace the original plaintiffs,

April 8, 2026
Page 2

whose claims were mooted by their graduation, with current students.  The court held that FRCP 15 did not apply because the original plaintiffs were no longer parties.  *Id.* at 487.  It also rejected the request under FRCP 21, explaining that the proposed new plaintiffs did not fit within the narrow categories for which substitution under that rule had been allowed previously, *i.e.*, where (i) the real party in interest was being substituted for an agent; (ii) the new plaintiff was a member of a certified class; (iii) a person who was already a party sought to change the capacity in which they were bringing suit; or (iv) a mistake was made as to the person entitled to bring suit.  *Id.* at 485-86.  None of those circumstances are present here.

In addition, courts routinely deny motions under Rules 15 and 21 where there is "undue delay, bad faith, [or] futility."  *Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F. 3d 566, 603-04 (2d Cir. 2005) (Rule 15); *see Sly Mag., LLC v. Weider Publ'ns L.L.C.*, 241 F.R.D. 527, 532 (S.D.N.Y. 2007) (Rule 21).  All three are present here.  Ms. Walter was aware of this case from the beginning; she provided a declaration in support of the initial motion for injunctive relief (ECF No. 2-6).  If she thought she had an individual claim, she should have brought it then.  She also appears to have caused the current predicament by allowing, without authorization, the Richter firm to file suit in JLTLA's name.  ECF No. 46-1 (JLTLA finding "initiation of litigation … occurred without Board authorization" and was "an *ultra vires* act outside the scope of authority granted by JLTLA's Bylaws"); ECF No. 50 at 2 (Ms. Walter authorized the action).

Ms. Walter's addition to this lawsuit would be futile because she lacks standing to bring her claim.  *See Evolution Fast Food One, LP v. HVFG LLC*, 720 F. Supp. 3d 251, 264 (S.D.N.Y. 2024) (denying amendment where plaintiff "has not suggested any amendment that would cure its Article III standing issue").  Among other reasons, she does not have a particularized injury, which requires a concrete injury "affect[ing] the plaintiff in a personal and individual way." *Parker Madison Partners v. Airbnb, Inc.*, 283 F. Supp. 3d 174, 180 (S.D.N.Y. 2017).  The current complaint alleges that the NBA did not provide the correct number of votes to *Affiliate* members—recognized organizations of individual members, such as JLTLA or HLA.  Compl. ¶2.  Ms. Walter is an *individual member* who does not allege she was deprived of her own ballot. Any effect on her from the NBA's purported failure to give Affiliate members enough ballots is, at most, derivative and affects her in the same way as all other members.  That is not a particularized injury.  *See, e.g., Fischer v. Cruz*, 2016 WL 1383493, at *2 (E.D.N.Y. Apr. 7, 2016).

The Richter firm tries to avoid that issue by asserting, without citation, that Ms. Walter was "individually [injured] in her *designated capacity*" as JLTLA's representative when JLTLA was supposedly not given enough ballots.  Letter at 5.  That is not an individualized injury.  *See, e.g., Hanneberry v. Sumitomo Corp. of Am.*, 415 F. Supp. 2d 423, 441 (S.D.N.Y. 2006) (plaintiff's role as Chairman, CEO, and majority shareholder did not confer standing to sue for injuries to the corporation); *Manning v. City of New York*, 2024 WL 3480437, at *5 (S.D.N.Y. July 19, 2024) (plaintiff lacked standing because he would not have experienced any injury absent defendants' actions taken against the organization).  Also, as illustrated in the letter it filed this morning (ECF No. 60), JLTLA has completely disavowed this action.  If it does not claim injury, Ms. Walter cannot reasonably contend otherwise, let alone that she was derivatively injured.

## II.    Ms. Walter's Substitution Does Not Cure the Jurisdictional Defects

April 8, 2026
Page 3

WILMERHALE

As detailed in prior briefing, the NBA is not subject to personal jurisdiction in New York.  Ms. Walter's substitution as a plaintiff would not change that.  While the Plaintiff tries to use *Ford Motor Co. v. Montana Eighth Judicial District Court*, 592 U.S. 351 (2021) to make its point, that case does not support jurisdiction here.

In *Ford*, the Court held that a state may exercise specific jurisdiction over a nonresident defendant where the defendant had systematically served markets in the forum states and the plaintiff's claims "arise out of or relate to the defendant's contacts with the forum."  *Id.* at 365, 362-63.  The Court cautions that the phrase "relate to" incorporates "real limits" and "does not mean anything goes"; rather, it requires a meaningful connection between the defendant's forum contacts, the forum itself, and the specific claims at issue.  *Id.* at 361-62.  The Court found jurisdiction because: (1) plaintiffs were residents of the forum states; (2) used the allegedly defective products in the forum states; (3) suffered their injury in the forum states; and (4) the defendant had extensively marketed, sold, and serviced the same product models in those States, cultivating the local market for the products at issue.  *Id.* at 370-71.

Those facts are not present here.  These circumstances fit much more closely with those in *Bristol-Myers Squibb Co. v. Superior Ct. of California*, 582 U.S. 255 (2017), in which the Supreme Court held that specific jurisdiction did not exist in California because the plaintiffs were not residents of California, did not claim to have suffered a harm in that state, and the conduct giving rise to their claims occurred elsewhere.  *Id.* at 265.  The same facts are true here.  Ms. Walter resides in Texas and her claim is based on the conduct of an election in Chicago.  To the extent she has any claim, it arose long before the NBA held one of its roving Board meetings in New York three months after the election.  *See Wyser-Pratte Mgmt. Co., Inc. v. Babcock Borsig AG.*, 801 N.Y.S.2d 244 (N.Y. Sup. Ct. 2004) (a single meeting in New York was insufficient to establish jurisdiction where the overwhelming nexus was in another forum).

**III.    The Court Should Not Grant Leave To File An Amended Complaint**

Nothing in this case warrants overlooking the problems identified above.  That is doubly so because denying leave would have no preclusive effect on Ms. Walter and therefore would cause no prejudice.  If she believes she has a claim, she can file it someplace in which there is actual jurisdiction (and the NBA will move to dismiss).  There is no good reason that this case must proceed in this District, and the Richter firm has offered no legitimate justification for its desperate attempt to do so.

*                *                *

For these reasons, the NBA respectfully requests that the Court dismiss HLA's remaining claim and deny Ms. Walter's request to be added as a plaintiff.

Sincerely,

 */s/ Ronald C. Machen*

Ronald C. Machen

Plaintiff must file a motion for leave to amend the Complaint by April 30, 2026.  Defendant should file an opposition by May 14, 2026, and Plaintiff may file a reply by May 21, 2026.  The conference scheduled for April 16, 2026 is adjourned *sine die* pending resolution of the motion to amend the Complaint.  The Clerk of Court is respectfully directed to close Docket Numbers 29, 40, and 57.

SO ORDERED
April 9, 2026

JOHN P. CRONAN
United States District Judge