UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HOUSTON LAWYERS ASSOCIATION, Plaintiff, -v- NATIONAL BAR ASSOCIATION, INC., Defendant. | 25 Civ. 8495 (JPC) ORDER |

JOHN P. CRONAN, United States District Judge:

On February 25, 2026, Defendant National Bar Association, Inc. ("NBA") submitted a letter stating that it had "been informed that one of the two plaintiffs [who initiated this action], J.L. Turner Legal Association [('JLTLA')], did not authorize this action to be filed and has directed counsel to dismiss it from the case." Dkt. 46 at 1. The NBA's letter also stated that it had "heard that there are significant questions about whether the other plaintiff, the Houston Lawyers' Association [('HLA')], properly authorized the matter." *Id.* On March 2, 2026, Richter Restrepo PLLC—the law firm which initiated this action on behalf of JLTLA and the HLA—submitted a letter which did not respond to the allegation that this action had not been "properly authorized" but stated that "each of the two organizational plaintiffs originally named in the Complaint have . . . communicated a change in its consent posture." Dkt. 50 at 1. Especially relevant here, Richter Restrepo's letter further stated that the HLA had "informed counsel that it does not wish to continue as a plaintiff in this action, and counsel will take the appropriate steps to seek leave to withdraw." *Id.*

A stipulation of discontinuance was later agreed to by JLTLA and the NBA, Dkt. 52, and entered by the Court, Dkt. 53, and Richter Restrepo moved to withdraw as JLTLA's counsel, Dkt.

57. But in the almost five months since its March 2 letter, Richter Restrepo has not followed through with its representation that it would move to withdraw as the HLA's representative, or otherwise sought leave to discontinue the HLA's claims. Instead, on April 30, 2026, Richter Restrepo filed a motion for leave to amend the Complaint. Dkt. 63. Somewhat anomalously, the docket indicates that Richter Restrepo made this filing on behalf of the HLA, but the motion itself represents that nonparty Kandace Walter is seeking leaving to amend. *Id.*

No later than July 27, 2026, Richter Restrepo must file a letter of no more than three pages explaining: (1) whether it denies that this action was not properly authorized and, if not, why this action should not be dismissed; (2) whether its motion to amend the Complaint is filed on behalf of non-party Kandace Walter or the HLA; (3) why it has not moved to withdraw as the HLA's representative in the months since its March 2 letter; and (4) whether the HLA currently seeks to discontinue its claims against the NBA and, if so, why it has not filed a motion to voluntarily dismiss such claims.

SO ORDERED.

Dated: July 24, 2026
New York, New York

JOHN P. CRONAN
United States District Judge